**CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY,**
Plaintiff–Appellant,

v.

**UNITED TRANSPORTATION UNION,**
Defendant–Appellee.

No. 89–1158.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 20, 1990.

Decided June 26, 1990.

Stuart F. Gassner, Myles L. Tobin, James P. Daley, Chicago Northwestern Ry. Co., Law Dept., Chicago, Ill., for plaintiff-appellant.

John J. Naughton, Henslee, Monek & Henslee, Chicago, Ill., Clinton J. Miller, III, Cleveland, Ohio, for defendant-appellee.

Before COFFEY and RIPPLE, Circuit Judges, and REYNOLDS, Senior District Judge.[*]

REYNOLDS, Senior District Judge.

## I. FACTS

On June 15, 1988, plaintiff and appellant Chicago and North Western Transportation Company ("C & NW") filed a complaint with the United States District Court for the Northern District of Illinois seeking to vacate and set aside three arbitration awards rendered by the Public Law Board ("PLB"). The three awards involve the interpretation of a 1978 National Labor Agreement between C & NW and the United Transportation Union ("UTU"), and how the 1978 Agreement affected a 1973 Local Agreement between them.

C & NW argued to the PLB that the "Savings Clause" in the 1978 National Agreement preserved certain rights for C & NW which were contained in the 1973 Local Agreement. UTU argued that C & NW's rights were not preserved because the 1978 Agreement superseded the 1973 Agreement. The PLB considered both arguments and held that the 1978 Agreement superseded the 1973 Agreement, and that therefore C & NW's rights were not preserved.

C & NW appealed the PLB's decision to the district court. Both C & NW and UTU agreed that there were no disputed issues of material fact and filed cross-motions for summary judgment. The district court denied C & NW's motion to set aside the three PLB awards and granted UTU's motion for summary judgment for enforcement of those awards. This court affirms the district court's decision.

## II. ANALYSIS

The district court correctly stated that the findings and order of the PLB could be set aside only for:

1) failure to comply with the requirements of 45 U.S.C. § 153; 2) failure to conform or confine itself to matters within the scope of the division's jurisdiction; or 3) fraud or corruption by a member of the division making the order.

(D.Ct. Jan. 13, 1989 Mem.Opin. & Ord. at 6 citing 45 U.S.C. § 153 First (q); *See Union Pacific R.R. Co. v. Sheehan,* 439 U.S. 89, 93, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978); *Hill v. Norfolk & Western Ry. Co.,* 814 F.2d 1192, 1194–95 (7th Cir.1987)). The district court also correctly noted that review of PLB orders has been described as "among the narrowest in the law." (D.Ct. Jan. 13, 1989 Mem.Opin. & Ord. at 6 citing *Diamond v. Terminal Ry. Alabama State Docks,* 421 F.2d 228, 233 (5th Cir.1970)).

C & NW does not dispute either of these legal propositions, but instead argues that the district court erred because the PLB failed to conform or confine itself to matters within the scope of its jurisdiction. C & NW argues that the PLB did not interpret the Savings Clause of the 1978 Agreement. Essentially, C & NW claims that the PLB Award should be vacated because the

[*] The Honorable John W. Reynolds, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation.

PLB ignored the Savings Clause contained in the 1978 Agreement and resolved the dispute according to its private notions of justice. *See Brotherhood of Locomotive Engineers v. Atchison, Topeka & Santa Fe Ry. Co.,* 768 F.2d 914, 922 (7th Cir.1985).

The PLB, however, most certainly considered the Savings Clause when making its decision. First, C & NW itself claims that it "plea(ded) to the Board [PLB] to evaluate the Savings Clause in light of the claims made by Appellee." (C & NW's Reply Brief of Appellant at 4). Second, as the district court correctly noted, the PLB in its award put forth both parties' positions, including C & NW's argument relying on the Savings Clause. (PLB No. 4005, Award No. 9 at 4). Finally, in the Award, the PLB implicitly considered the Savings Clause when it ruled that the 1978 Agreement superseded the 1973 Agreement:

> The Board finds the Organization's [UTU's] position is more persuasive than the position advanced by the Carrier [C & NW]. It finds, first, that the 1978 National Agreement prevails over the 1973 Agreement.
>
> .  .  .  .  .
>
> The Board finds the general language of the 1973 Agreement has to give way to the specifically articulated terms of the 1978 National Agreement. If the Carrier [C & NW] wanted to preserve and maintain the specific provisions of the 1973 Agreement, it had to take affirmative measures to indicate it was preserving the purport of the 1973 Agreement, otherwise it must be held that the 1973 Agreement must be considered as superceded [sic] or amended by operation of law.

PLB No. 4005, Award No. 9 at 5. Thus, this court agrees with the district court's conclusion that it is possible that "the PLB rationally arrived at an interpretation of the Savings Clause different from that advocated by C & NW." (D.Ct. Jan. 13, 1989 Mem.Opin. & Ord. at 7).

Finding that the PLB interpreted the agreements in question is all that is required in the Seventh Circuit to uphold the PLB Award. *Hill,* 814 F.2d at 1194–95;

*Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aerospace Workers,* 802 F.2d 247, 253 (7th Cir.1986). As the district court correctly stated, a federal court is to determine only whether or not the arbitrator interpreted the agreement, not if the arbitrator's interpretation of the agreement is correct. This court agrees with the district court's finding that the arbitrator interpreted the 1973 and 1978 Agreements.

It Is Therefore Ordered that the judgment of the district court is affirmed.